UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| Global Weather Productions LLC, | § § § Case No.: 5:25-cv-00294 |
| Plaintiff, | § § |
| v. | § § JURY TRIAL DEMAND |
| Grunt Style, LLC, | § § |
| Defendant. | § § |

## COMPLAINT

Plaintiff Global Weather Productions LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Grunt Style, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Michael Brandon Clement ("*Clement*") and Jonathan Petramala ("*Petramala*") created a video of flooding in Lake Waccamaw, North Carolina (the "*Video*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a social media account on www.instagram.com known as "@gruntstyle" (the "*Account*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Video on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Global Weather Productions LLC is a Wyoming limited liability company and maintains a principal place of business in Sheridan County, Wyoming.

6. Upon information and belief, defendant Grunt Style, LLC, is a Texas limited

1

liability company with a principal place of business at 900 Broadway, San Antonio in Bexar County, Texas.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Texas.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A. **Plaintiff's Copyright Ownership**

10. Plaintiff is a professional videography company which is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

13. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

14. On August 7, 2024, Clement and Petramala first published the Video. A copy of a screengrab of the Video is attached hereto as Exhibit 1.

15. In creating the Video, Clement and Petramala personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording and made each and every artistic determination necessary for the creation of the work.

2

16. On September 8, 2024, the Video was registered by the USCO under Registration No. PA 2-496-418.

17. Clement and Petramala created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

18. Plaintiff acquired the rights in and to the Video by way of written assignment.

**B.   Defendant's Infringing Activity**

19. Defendant is the registered owner of the Account and is responsible for its content.

20. Defendant is the operator of the Account and is responsible for its content.

21. The Account is a key component of Defendant's popular and lucrative commercial enterprise.

22. Upon information and belief, Defendant is a sophisticated apparel company which owns a comprehensive portfolio of digital marketing assets and has advanced operational and strategic expertise in an industry where copyright is prevalent.

23. Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific practices including the need to ensure that images used in their posts have been properly licensed.

24. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

25. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

26. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

27. On or about October 20, 2024, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Video on the Account as part of an on-line post

at URL: https://www.instagram.com/reel/DBWvDg8yPAG/. A copy of a screengrab depicting the Infringement on the Account is attached hereto as Exhibit 2.

28. The Infringement is a copy of Plaintiff's original video recording that was directly copied and displayed on the Account by Defendant.

29. Upon information and belief, the Video was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video.

30. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

31. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on, and displaying images including but not limited to Plaintiff's Video.

32. Upon information and belief, the Video was willfully and volitionally posted to the Account by Defendant.

33. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which forms the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

34. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

35. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Account.

36. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

37. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

38. Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an increase in its business revenues.

39. Upon information and belief, a large number of people have viewed the unlawful copy of the Video on the Account.

40. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

41. Defendant's use of the Video harmed the actual market for the Video.

42. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

43. On January 7, 2025, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

44. On March 10, 2025, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

45. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

46. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

47. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

48. The Video is an original, creative work in which Plaintiff owns a valid copyright.

49. The Video is properly registered with the USCO and Plaintiff has complied with

all statutory formalities under the Copyright Act and under regulations published by the USCO.

50. Plaintiff has not granted Defendant a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

51. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

52. Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement.

53. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority.

54. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

55. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

56. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

57. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Video by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: March 20, 2025

                    **SANDERS LAW GROUP**

                    By:   */s/ Craig Sanders*
                    Craig Sanders, Esq.
                    333 Earle Ovington Blvd, Suite 402
                    Uniondale, NY 11553
                    Tel: (516) 203-7600
                    Email: csanders@sanderslaw.group
                    File No.: 131217

                    *Attorneys for Plaintiff*